UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRYAN LEE BREWER, #71691-018,

        Petitioner,

v.                                                                ACTION NO.   2:20cv605

WARDEN ANDREWS,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the reasons that follow, it is recommended that respondent's motion to dismiss (ECF No. 19) be **GRANTED**, petitioner's motions for summary judgment (ECF Nos. 9, 12, 18, 37) be **DENIED**, and the petition for writ of habeas corpus (ECF No. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE**.

    **I.**     **FACTUAL AND PROCEDURAL HISTORY**

On August 1, 2019, Bryan Lee Brewer ("Brewer") pled guilty in the United States District Court for the Middle District of Florida to wire fraud, bank fraud, and money laundering. *United States v. Brewer*, No. 6:19cr22 (M.D. Fla. Aug. 1, 2019), ECF No. 39. Brewer was sentenced to 60 months imprisonment. ECF No. 1, at 18–19. The sentencing court recommended that Brewer

"participate in the Residential Drug Abuse Program (RDAP) and be designated to FPC Pensacola to serve his term of incarceration." *Id.* at 19.

In determining Brewer's classification, the Bureau of Prisons ("BOP") applied a public safety factor ("PSF")[1] for escape based on information in Brewer's pre-sentence report indicating he escaped from a secure detention center. *Id.* at 13. Application of the PSF required that Brewer be housed in a medium security facility. ECF No. 20-1, at 51. As a result, Brewer is currently incarcerated in a medium security facility, the Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"). *See Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 1, 2021) (search "Find By Number" for "71691-018"). His projected release date is July 10, 2024. *Id.*

On February 21, 2010, Brewer appealed the BOP's application of the PSF through the BOP's administrative remedies procedure. ECF No. 1, at 11–17. The warden responded that the PSF of serious escape was appropriate in Brewer's case where the pre-sentence report "states [he] escaped from a secure detention center. Additionally, although adjudicated as a delinquent, there was a finding of guilt in the case, as [he] plead guilty to the charges." *Id.* at 13. The decision of the warden was affirmed and adopted by the regional director and the central office. *Id.* at 15, 17.

On June 23, 2020, Brewer filed a motion in the Middle District of Florida seeking to reduce his sentence by having the PSF removed. *United States v. Brewer*, No. 6:19cr22, ECF No. 73, at 1–3. The motion was denied on July 10, 2020. *Id.*, ECF No. 76.

---

[1] The BOP may apply one of nine PSFs to "inmates who are not appropriate for placement at an institution which would permit inmate access to the community (i.e., MINIMUM security)." ECF No. 20-1, at 13 (BOP Program Statement P5100.08, *Inmate Security Designation and Custody Classification* (Sept. 12, 2006)). A PSF of "serious escape" ensures the inmate "will be housed in at least a Medium security level institution, unless the PSF has been waived." *Id.* at 51.

2

Brewer next filed a motion for compassionate release challenging the application of the PSF, which the Middle District of Florida denied on November 9, 2020.[2] *Id.*, ECF Nos. 81, 88. Brewer then filed two motions to correct his pre-sentence report to remove the indication that he was adjudicated delinquent in juvenile court, because the "information is misleading and has resulted in the FBOP placing a Public Safety Factor of 'serious escape' and label[ing Brewer] an escape risk even though BOP Program Statement P5100.08 requires [a] 'clear finding of guilt.'" *Id.*, ECF Nos. 92, 98. The motions were denied in December 2020 and January 2021. *Id.*, ECF Nos. 94, 99. The court noted that Brewer's pre-sentence report indicated he was "adjudicated delinquent for an 'escape from secure detention,'" when he was 17, and Brewer did not object to the pre-sentence report when given the opportunity. *Id.*, ECF No. 94, at 1–2.

On December 2, 2020, Brewer submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, Brewer challenges the BOP's application of the PSF for serious escape to his custody score. *Id.* at 6–7. He argues that the decision to apply the PSF is erroneous because he was "'adjudicated delinquent' which is not a disposition of guilty," and because a "'plea' by a juvenile is not a 'finding.'" *Id.* at 7. Brewer requests that the Court order the BOP to remove the PSF for escape, change Brewer's custody to "out," and "allow self-transfer by family to FPC Pensacola." *Id.* at 8. Brewer filed three "amendments" to his petition, emphasizing the dangers he faces in medium security prisons and asking the Court to remove the PSF for serious escape from his custody score. ECF Nos. 4, 8, 15.

In January and February 2021, Brewer filed three motions for summary judgment and a memorandum in support, arguing that his juvenile records cannot be used pursuant to 18 U.S.C.

---

[2] A second motion for compassionate release based on COVID-19 and Brewer's health conditions was also denied in the same order. *United States v. Brewer*, No. 6:19cr22, ECF Nos. 86, 88.

3

§ 5031, there was no clear finding of guilt for serious escape, and the BOP is acting to deliberately put him in danger by not changing his scoring and refusing to transfer him to FPC Pensacola. ECF Nos. 9, 12, 14, 18. On February 8, 2021, Brewer filed an addendum arguing that the Court has jurisdiction to hear his case. ECF No. 16.

On February 22, 2021, respondent filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Brewer filed an opposition to the motion to dismiss, respondent filed a reply, and Brewer filed two sur-replies. ECF Nos. 23–26.

On May 12, 2021, Brewer filed a motion for summary judgment asserting the BOP has retaliated against him for filing his petition. ECF No. 37.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

A petition must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) should be granted if a petition fails to allege "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion tests the legal sufficiency of a petition and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Accordingly, when reviewing a motion to dismiss, a court must "assume all [well-pled facts] to be true" and "draw all reasonable inferences in favor of the [petitioner]," but it need not "accept the legal conclusions drawn from the facts, and [] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citations and internal quotation

marks omitted). In other words, "the tenet that a court must accept as true all of the allegations contained in a [petition] is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**B.     Motion for Summary Judgment**

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see*

*also Anderson*, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

Before evaluating the merits of Brewer's claims, this Court must ascertain whether it has jurisdiction. Prisoners have "two main avenues" for challenging their incarceration: habeas corpus petitions or claims alleging civil rights violations. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). In *Preiser v. Rodriquez*, the Supreme Court noted that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." 411 U.S. 475, 484 (1973). As a result, a petitioner traditionally files a habeas petition to challenge "the very fact or duration of his physical imprisonment, and the relief [sought] is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Id.* at 500.

Following *Preiser*, circuits have split on whether claims challenging the conditions of confinement can be brought in a habeas petition. *See Wilborn v. Masukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (collecting cases). The Fourth Circuit has issued several unpublished opinions citing *Preiser* and holding that challenges to conditions of confinement are not cognizable in habeas. *See id.* at 164 (holding "claim seeking to have the BOP reconsider where [prisoner] is being housed is one that would not fall within the scope of habeas corpus"); *Rodriguez v. Ratledge*, 715 F. App'x 261, 265–66 (4th Cir. 2017) (holding a prisoner's challenge to his transfer to a maximum security facility "is not a cognizable § 2241 claim, because [it] challenges the conditions of his confinement, not its fact or duration"); *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) (holding claim that conditions of confinement violate the government's obligations under

a plea agreement as "more properly brought" under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and affirming dismissal of section 2241 petition). *But see Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (holding "an inmate's challenge to the BOP's administration of the [Inmate Financial Responsibility Program] is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241").

District courts within the Fourth Circuit have consistently held that federal prisoners cannot challenge their custody classifications in petitions brought pursuant to 28 U.S.C. § 2241. *See Rodriguez v. Streeval*, No. 7:20cv373, 2020 WL 3840424, at *1–2 (W.D. Va. July 8, 2020) (holding petitioner "may not use § 2241 to challenge his custody classification"); *Oden v. Wilson*, No. 3:17cv286, 2018 WL 359478, at *5 (E.D. Va. Jan. 10, 2018) (holding challenge to custody classification is not cognizable in a section 2241 petition); *Sappleton v. Hogsten*, No. 1:11-00552, 2014 WL 2565547, at *1–2 (S.D.W. Va. June 6, 2014) (holding petitioner's claim that his "custody classification is improperly calculated based upon inaccurate information contained in his Presentence Report" is "not cognizable under Section 2241 because he is challenging the conditions of his confinement"); *Rodriquez v. Cruz*, No. 9:12-2154, 2013 WL 2416321, at *3–4 (D.S.C. June 3, 2013) (reasoning that a section 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification); *Davis v. O'Brien*, No. 7:07cv582, 2007 WL 4592199, at *1 n.1 (W.D. Va. Dec. 26, 2007) ("[P]laintiff has been advised . . . of the impropriety of his attempts to bring civil rights actions under § 2241, and that a challenge to his security classification does not present a *habeas* claim.").

Brewer is challenging the BOP's application of a PSF factor, which requires that he be housed in at least a medium security level institution. ECF No. 1, at 8. He seeks transfer from his current medium security prison to FPC Pensacola. *Id.* The Court finds Brewer's challenge to his

7

custody classification is a challenge to his conditions of confinement.  Accordingly, the Court lacks subject matter jurisdiction to address Brewer's section 2241 petition.

Moreover, even if the Court had jurisdiction to address the petition, Brewer cannot show that he is being held in violation of the Constitution or laws of the United States.  The Supreme Court has advised,

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another.  The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

*Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Moreover, "the federal [C]onstitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status [a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution."  *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (quotations and citations omitted); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding with respect to custody classification and eligibility for institutional programs that "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process"); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (holding "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement").  As a result, Brewer cannot demonstrate that the BOP's application of a PSF factor to his custody classification violated his constitutional rights.

## IV. RECOMMENDATION

The Court **RECOMMENDS** that respondent's motion to dismiss (ECF No. 19) be **GRANTED**, petitioner's motions for summary judgment (ECF Nos. 9, 12, 18, 37) be **DENIED**, score and the petition for writ of habeas corpus (ECF No. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE**.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 16, 2021

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Bryan Lee Brewer, #71691-018
FCI Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By \_\_\_\_\_/s/ J.L. Meyers_____
Deputy Clerk

June \_\_16\_\_, 2021